# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1394V
Filed: October 5, 2017
UNPUBLISHED

| | |
|---|---|
| LORA MCMULLEN,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 17, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of a September 23, 2014 influenza ("flu") vaccine. On February 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 33.)

On July 11, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36.) Petitioner requests attorneys' fees in the amount of $24,895.90 and attorneys' costs in the amount of $1,524.55. (*Id.* at 1-2.) In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $26,420.45.

On July 28, 2017, respondent filed a response to petitioner's motion. (ECF No. 37.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On August 7, 2017, petitioner filed a reply. (ECF No. 38). Petitioner argues that respondent has provided no precise objection. *Id.* at 2. Petitioner also argues that she has met her burden of establishing reasonable fees and costs. *Id.* at 3-4.

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez,* 2009 WL 2568468, at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See, e.g. Broekelschen v. Sec'y of Health & Human Servs.*, No 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours. However, consistent with this Court's prior decisions, the undersigned reduces the award to reflect rate reductions for travel time. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").

On October 15, 2015, Mr. Altom Maglio billed .8 hours for "Travel by automobile to client's home from Las Vegas" at a rate of $300 per hour, for a total of $240.00. (ECF No. 36-1 at 4). As is this Court's consistent practice, the undersigned reduces the hourly rate for these hours by 50%. The discount in fees for Mr. Maglio's travel time results in a reduction of $120.00.

Mr. Maglio also billed 1.5 hours on October 16, 2017 for "Travel from LAS to TPA by airplane, travel from TPA to home by automobile (time spent working on other matters not billed and billed time split with other case)" at a rate of $300 per hour, for a total of $450.00. (ECF No. 36-1 at 5.) Petitioner is reminded to avoid block billing

where one entry corresponds to several different activities. The undersigned finds that, based on the description, these hours should be compensated as travel time and, as is this Court's consistent practice, the undersigned reduces the hourly rate for these hours by 50%. The discount in fees for Mr. Maglio's travel time results in a reduction of $225.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,075.45[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison H. Haskins.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.